### GROUNDS SUSTAINING AN ATTACHMENT.

Circuit Court of Cuyahoga County.

CHRISTOPHER SCHLOUPT V. JOSEPH T. THOMPSON.

Decided, January 12, 1906.

*Attachment—Work and Labor—No Other Ground Necessary—Bill of Exceptions.*

1. In an attachment case where the affidavit alleges, and there is evidence tending to show that the claim is for work and labor, on error the judgment sustaining the attachment will be affirmed, though the trial judge sustained the attachment upon other grounds.

2. Where the trial judge certifies that the bill of exceptions contains all the evidence, "except the testimony set out in plaintiff's exceptions, which exceptions have been allowed," and said exceptions are not allowed to the bill of exceptions, or in any manner made a part of it, the bill of exceptions can not be considered.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The petition in error in this case calls for a review of the action of the common pleas court in sustaining an attachment, which the transcript says was "sustained on the second ground of the affidavit."

As the affidavit does not separately state and number the grounds on which the attachment was claimed, we are somewhat in doubt as to which is the second ground, but counsel for both

parties in their briefs seem to agree that said second ground
was that the defendant (plaintiff in error) "has assigned, re-
moved and disposed of, or is about to assign, remove or dispose
of his property, or a part thereof, with intent to defraud his
creditors."

There is however another ground alleged to which counsel
have not called our attention, and that is that the claim was for
manual work and labor.  Why our attention was not called to
that allegation as a ground for attachment we can not conceive.
If the motion to dissolve the attachment was properly overruled
for any reason, it is the duty of this court to affirm the judg-
ment, no matter what reason the trial judge gave for his judg-
ment.

The statute, Section 6849, in plain language provides that in
an action for work and labor before a justice of the peace—and
this attachment was sued out before a justice of the peace, and
carried on appeal to the common pleas court—the plaintiff may
have an order of attachment when the affidavit therefor sets
forth merely the nature of the plaintiff's claim, that it is just,
the amount affiant believes the plaintiff ought to recover, and
that the property sought to be attached is not exempt from execu-
tion, without mentioning any of the nine particulars the exist-
ence of one or more of which must be stated when the action is
not for work and labor.

The concluding words of the first paragraph of the statute
are: "and except when the claim is for work and labor, or for
necessaries, also the existence of some one or more of the follow-
ing particulars."

We construed this law with regard to necessaries in the case
of *K. B. Co.* v. *Batie*, 25 C. C., 482, and what was there said
with regard to actions for necessaries is equally applicable to
actions for work and labor.

Hence, in the case at bar, it appearing from the affidavit that
the claim was for work and labor, it was unnecessary to allege,
and so unnecessary for the court to consider, any evidence as
to whether the defendant was about to dispose of his property
with intent to hinder, delay or defraud his creditors, provided
the claim was in fact for work and labor.

On this subject it appears that Thompson was sworn and testified in his own behalf as follows:

"I am a painter by trade and I painted the house of Charles Bracker, 121 Ethel street, Lakewood, for Chris. Schloupt, who is a carpenter contractor, and Schloupt owed me $55, the balance due. I told Schloupt that Mr. Bracker, the owner of the house said there was $55 for me at the office of Peskind & Perris, and that there had been a settlement with Schloupt. I asked him in the presence of Taylor and Hart, who went with me to Van Ness avenue, why he didn't pay me the $55, as he had settled with Bracker, and Schloupt answered 'You owe me $90 and I didn't settle with Bracker and I will fix it so you won't get the $55, and if you don't get out I'll knock your head off.' I didn't want to make any trouble so I went away."

Whereupon the court sustained the said motion of the defendant in part, to-wit, that the ground alleged in the said affidavit of plaintiff for attachment that the claim was for work or labor did not exist; and ordered the evidence confined to the other grounds alleged in said affidavit.

Why the court made this ruling, if it did, we can not understand, if the bill of exceptions contains all the evidence offered on this point. Clearly there was showing sufficient to sustain the allegation that the claim was for work and labor, and the introduction of any evidence as to the existence of other grounds for attachment was unnecessary. As this ruling was in favor of plaintiff in error, he can not complain of it. Nor is it necessary to consider the other grounds for sustaining the attachment.

There is another reason why this judgment must be affirmed.

The bill of exceptions is not in shape to be considered by this court.

It appears that the bill was filed in the trial court and thereupon exceptions were filed to it, under the statute. There is an entry on page three of the bill as follows:

"This was all the evidence offered by the plaintiff to sustain the issue on his part, except the testimony set out in plaintiff's exceptions, which exceptions have been allowed."

Said exceptions are not attached to the bill of exceptions or in any way made a part of it. The paper writing containing them is part of the files, but we can not look to the files for evidence, as has frequently been held by this court regarding affidavits not made part of the bill of exceptions.

It thus appearing affirmatively from the bill of exceptions that it does not contain all the evidence, and the questions involved requiring a consideration of all the evidence, the judgment must be affirmed.